IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAREE GANN, an individual, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   No. CIV-06-184-C |
| | ) |
| BRENT RINEHART, in his | ) |
| individual and official capacities; THE | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| OF THE COUNTY OF OKLAHOMA, | ) |
| STATE OF OKLAHOMA; and DOUG | ) |
| WILLIAMS, in his individual and official | ) |
| capacities, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff brought the present lawsuit alleging that the failure to hire her for the newly created position of Business Manager violated her First Amendment political patronage rights. According to Plaintiff, the refusal to hire her stemmed from her decision to not support Defendant Rinehart in his campaign for election as County Commissioner for District 2 of Oklahoma County. Plaintiff filed the present action pursuant to 42 U.S.C. § 1983, seeking to vindicate the infringement of her rights. Defendants Board of County Commissioners; Rinehart, in his official capacity; and Doug Williams, in his individual and official capacities, filed the present motion[1] arguing that the undisputed facts entitle them to judgment. According to

---

[1] As Plaintiff notes, Defendants' motion violates LCvR 56.1(b) in that it does not *start* with a section that contains a concise statement of material facts. Accordingly, the Court declines to consider the facts or arguments in the brief preceding the section entitled "Undisputed Statement of Material Facts." Counsel are advised that future failures in this regard will result in the Court striking the brief in its entirety.

Defendants, the undisputed facts show that political patronage was not a substantial or motivating factor in the decision to not hire Plaintiff. In addition, Defendants argue the Board, Rinehart, in his official capacity, and Williams, in his official capacity, are not liable, as Plaintiff has failed to demonstrate the existence of a policy or custom that led to her termination. Defendant Williams, in his individual capacity, argues that he is entitled to qualified immunity. Defendants argue the undisputed facts demonstrate Plaintiff cannot establish a prima facie case of political patronage or free speech violation and, finally, that Plaintiff's claim for violation of Oklahoma's public policy must fail.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c),

except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Plaintiff was a long-time employee of Oklahoma County. In 2005, she was working in the District 2 offices. Following Defendant Rinehart's election as County Commissioner for District 2, he began implementing a series of organizational changes. One of those changes involved restructuring Plaintiff's Office Manager job and moving many, if not all, of her duties and responsibilities to a newly-created Business Manager position. Plaintiff applied for and was interviewed for the Business Manager position. However, Plaintiff was not hired for the Business Manager position and this litigation ensued. In her Amended Complaint, Plaintiff alleges that Defendants Board and Rinehart, in his individual and official capacities, violated her First Amendment rights by making the hiring decision for the Business Manager position based on political patronage. In her second count, Plaintiff asserts that Defendants Board and Williams[2], in his official and individual capacities, violated her First Amendment rights to free

---

[2] At the relevant times herein, Mr. Williams was the Superintendent of District 2 and a member of the panel that interviewed all applicants for the Business Manager position.

speech by acting against her in retaliation for her complaints about Williams' misuse of county funds. In count three, Plaintiff brought state law tort claims against Defendant Cline. On August 25, 2008, all parties entered a stipulation of dismissal as to Ms. Cline. Therefore, no claims remain as to that Defendant.[3] In count four, Plaintiff alleged that Defendants Board and Williams in his official and individual capacities acted in violation of public policy in terminating her employment and in their action leading up to that termination.

1.  Defendant Rinehart is a policymaker

Defendant Board, Rinehart, in his official capacity, and Williams, in his official capacity[4], assert they are entitled to judgment, as Plaintiff cannot demonstrate the actions taken against her occurred as the result of a county policy or procedure. In response, Plaintiff argues that because Rinehart is a final policymaker, his actions are attributable to the Board and, therefore, if Rinehart acted improperly the Board is responsible.

It is clear that the decisions regarding the reorganization of District 2, and the concomitant hiring of the Business Manager, rest solely at the feet of Rinehart. No party disputes that fact. Thus, for purposes of Plaintiff's claims, Rinehart is a policymaker. Because Rinehart was a policymaker as to Plaintiff's employment, any violation of her constitutional

---

[3] To the extent Defendants Board, Rinehart, in his official capacity, and Williams, in his official and individual capacities, suggest in their motion that the Court must approve the dismissal, the suggestion misapprehends the clear language of Fed. R. Civ. P. 41(a)(1)(A)(ii). As that subparagraph makes clear, dismissal upon stipulation of all parties is effective <u>without</u> an order from the Court.

[4] Plaintiff sues Rinehart and Williams in their official capacities; those claims are, in effect, claims against the Board. Accordingly, where the Court references Board herein, that term includes the official capacity claims against Rinehart and Williams.

rights imposes liability on the Board.  See Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 405 (1997) ("proof that a municipality's legislative body or authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right necessarily establishes that the municipality acted culpably."); see also Starrett v. Wadley, 876 F.2d 808, 818 (10th Cir. 1989) ("if a county official has been delegated the power to make *final policy* in an area of the county's business, then the official's acts *in that area* are the acts of the county.").  As noted in the Court's decision resolving the Motion for Summary Judgment filed by Rinehart in his individual capacity, questions of fact remain regarding whether Plaintiff's First Amendment rights were violated by the decisions made by Rinehart.  Thus, Plaintiff's claim against the Board must survive.

2.  Williams' Qualified Immunity Claim

Defendant Williams in his individual capacity argues that he is entitled to qualified immunity.  Under Tenth Circuit case law, a plaintiff seeking to avoid summary judgment on qualified immunity grounds must satisfy a "heavy two-part burden" by showing:  "(1) 'that the defendant's actions violated a constitutional or statutory right,' and (2) that the right 'was clearly established at the time of the defendant's unlawful conduct.'"  Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1150 (10th Cir. 2006) (quoting Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001)).

Thus, the first query is whether Plaintiff's First Amendment rights were violated. Plaintiff argues that Defendants Board and Williams acted in retaliation for her earlier protected complaints against Williams and in that manner violated her rights.  According to Plaintiff, prior

5

to Rinehart's election, she complained about Williams' misuse of public property and funds. Plaintiff argues that because her speech touched on a matter of public concern, it was protected by the First Amendment.

Plaintiff's reliance on Pickering v. Bd. of Educ., 391 U.S. 563 (1968), overlooks the recent modification to that analysis by Garcetti v. Ceballos, 547 U.S. 410 (2006).[5] The Tenth Circuit, recognizing the changes made by Garcetti, has established a five-step process which it refers to as the Garcetti/Pickering analysis. Brammer-Hoelter v. Twin Peaks Charter Acad., 492 F.3d 1192, 1202 (10th Cir. 2007). First, the Court must determine if the employee was speaking as a citizen or pursuant to official duties. Id. If the speech was pursuant to official duties, there is no First Amendment protection. Id. In evaluating the nature of the speech, the Court must determine whether the speech was made within the scope of Plaintiff's employment duties. Id. at 1203. If the speech is consistent with the "the type of activities [the employee] was paid to do," it is made within the scope of employment. See Green v. Bd. of County Commr's, 472 F.3d 794, 801 (10th Cir. 2007).

As the Office Manager for District 2, Plaintiff was responsible in part for maintaining and tracking purchase orders and making payments on invoices. Her complaints about Mr. Williams involved allegedly illegal purchases and other matters involving the use/misuse of county property. After consideration of the relevant evidence, the Court finds Plaintiff's complaints were within the scope of her employment and were therefore not protected by the

---

[5] Neither party recognized the modification caused by Garcetti or the different evidence required by that case. Regardless, the Court was able to sift through the material provided by the parties and reach a resolution on the issue.

6

First Amendment. Brammer-Hoelter, 492 F.3d at 1204 (noting the proper inquiry includes consideration of all relevant facts and circumstances). Because Plaintiff has failed to establish the violation of a constitutional right, Defendant Williams, in his individual capacity, is entitled to qualified immunity as to Plaintiff's claims for violation of her free speech rights or retaliation. Likewise, because there was no violation of a constitutional right, there can be no valid claim against any Defendant.

3.  Personal Participation

Defendants argue Plaintiff's claims regarding the hiring of the Business Manager must fail as she has alleged no personal participation by Defendants Rinehart and Williams. As established in the Court's Order resolving the summary judgment motion of Defendant Rinehart in his individual capacity, questions of fact remain regarding his conduct. Those questions of fact are adequate to establish questions on the personal participation of Defendant Rinehart in the hiring process. As for Defendant Williams, other than the free speech issue noted above, Plaintiff fails to assert any facts or argument stating a cognizable claim against Defendant Williams in his individual capacity.

4.  Punitive Damages

Defendants challenge the viability of Plaintiff's claim for punitive damages as to the Board. Plaintiff argues that she has never made a punitive damage claim against the Board. A review of Plaintiff's Complaint supports her position. Although the allegations are confusing, a careful reading establishes that the punitive damages claims are solely against Rinehart and Williams in their individual capacities.

5.  Termination in Violation of Public Policy

Finally, although Plaintiff may not pursue her § 1983 claims against Defendant Williams in his individual capacity for the reasons noted herein, Defendants have not challenged the viability of her Oklahoma law based public policy claims based on her complaints about Williams and his alleged retaliation.  Accordingly, those issues remain for resolution by the jury.

## CONCLUSION

As set forth more fully herein, the Corrected Motion for Summary Judgment on Behalf of the Board of County Commissioners of Oklahoma County; Commissioner Brent Rinehart, in his Official Capacity; and Doug Williams in his Official Capacity (Dkt. No. 106) is DENIED in part.  To the extent that motion challenges Plaintiff § 1983 claims against all Defendants for violation of her First Amendment Free Speech rights and retaliation, it fails as a matter of law, and the motion is GRANTED.  A separate judgment will issue at the close of these proceedings.

IT IS SO ORDERED this 17th day of October, 2008.

_____
ROBIN J. CAUTHRON
United States District Judge