IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAREE GANN, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. CIV-06-184-C |
| | ) | |
| BRENT RINEHART, in his | ) | |
| individual and official capacities; THE | ) | |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF THE COUNTY OF OKLAHOMA, | ) | |
| STATE OF OKLAHOMA; and DOUG | ) | |
| WILLIAMS, in his individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff brought the present lawsuit alleging that the failure to hire her for the newly

created position of Business Manager violated her First Amendment political patronage rights.

According to Plaintiff, the refusal to hire her stemmed from her decision to not support

Defendant Rinehart in his campaign for election as County Commissioner for District 2 of

Oklahoma County.  Plaintiff filed the present action pursuant to 42 U.S.C. § 1983, seeking to

vindicate the infringement of her rights.  Defendant Rinehart, in his individual capacity, filed

the present motion[1] arguing that the undisputed facts entitle him to judgment.  According to

Defendant Rinehart, the undisputed facts show that political patronage was not a substantial or

---

[1] As Plaintiff notes, Defendant Rinehart's motion violates LCvR 56.1(b) in that it does not *start* with a section that contains a concise statement of material facts.  Accordingly, the Court declines to consider the facts or arguments in the brief preceding the section entitled "Undisputed Statement of Material Facts."  Counsel are advised that future failures in this regard will result in the Court striking the brief in its entirety.

motivating factor in the decision to not hire Plaintiff.  In the alternative, Defendant Rinehart

argues that the Business Manager position required political allegiance and that fact permitted

him to hire someone other than Plaintiff.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted

only when the moving party has established the absence of any genuine issue as to a material

fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir.

1977).  The movant bears the initial burden of demonstrating the absence of material fact

requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant

must then set forth "specific facts" outside the pleadings and admissible into evidence which

would convince a rational trier of fact to find for the nonmovant.  Fed. R. Civ. P. 56(e).  These

specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c),

except the mere pleadings themselves."  Celotex, 477 U.S. at 324.  Such evidentiary materials

include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola

Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  "The burden is not an onerous one for the

nonmoving party in each case, but does not at any point shift from the nonmovant to the district

court."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and

reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Plaintiff was a long-time employee of Oklahoma County.  In 2005, she was working in the District 2 offices.  Following Defendant Rinehart's election as County Commissioner for District 2, he began implementing a series of organizational changes.  One of those changes involved restructuring Plaintiff's Office Manager job and moving many, if not all, her duties and responsibilities to a newly-created Business Manager position. Plaintiff applied for and was interviewed for the Business Manager position.  However, Plaintiff was not hired for the Business Manager position and this litigation ensued.  As noted, Plaintiff believes she was not hired as the Business Manager because she did not support Defendant Rinehart's election campaign.

1.  Qualified Immunity

In response to Plaintiff's Amended Complaint, Defendant Rinehart filed a Motion to Dismiss asserting qualified immunity.  The Court denied the motion and Defendant Rinehart appealed.  In a published opinion, the Tenth Circuit affirmed the Court's decision.  See Gann v. Cline, 519 F.3d 1090 (10th Cir. 2008).  The case then returned for further proceedings to resolve Plaintiff's allegations.  As noted above, Defendant Rinehart has filed a Motion for Summary Judgment arguing the undisputed facts entitle him to judgement.  Defendant Rinehart's motion raises several propositions in support of his quest for judgment.  However, the renewed assertion that he is entitled to qualified immunity is the overarching issue.

Under Tenth Circuit case law, a plaintiff seeking to avoid summary judgment on qualified immunity grounds must satisfy a "heavy two-part burden" by showing: "(1) 'that the defendant's actions violated a constitutional or statutory right,' and (2) that the right 'was clearly established at the time of the defendant's unlawful conduct.'" Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1150 (10th Cir. 2006) (quoting Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001)). Thus, in determining whether Defendant Rinehart is entitled to qualified immunity, the Court must necessarily first determine if Defendant Rinehart is entitled to judgment on the political patronage issue. If he is, then Plaintiff has failed to show that Defendant Rinehart's action violated a constitutional right and judgment is proper. If questions of fact remain, then qualified immunity does not apply and judgment is improper.

Thus, the question is whether Defendant Rinehart's actions violated Plaintiff's rights. "The First Amendment protects public employees from discrimination based upon their political beliefs, affiliation, or non-affiliation unless their work requires political allegiance." Mason v. Okla. Tpk. Auth., 115 F.3d 1442, 1451 (10th Cir. 1997) (citing Rutan v. Republican Party of Ill., 497 U.S. 62, 68-69 (1990); Branti v. Finkel, 445 U.S. 507, 513 (1980)). "[T]o establish a *prima facie* case on this claim, it [is Plaintiff's] burden to establish that 'a motivating or substantial factor in [D]efendant['s] decision to terminate [her] was . . .'" the failure to support his election campaign. Brown v. Reardon, 770 F.2d 896, 899 (10th Cir. 1985) (quoting Nekolny v. Painter, 653 F.2d 1164, 1168 (7th Cir. 1981)).

Defendant Rinehart argues that Plaintiff cannot demonstrate questions of fact on the issue of the impetus for the decision to hire someone other than Plaintiff for the Business Manager

position.    According to Defendant Rinehart, he did nothing more than accept the

recommendation of the interview panel and therefore had no direct input into this decision.

Defendant Rinehart argues further that he hired three known and vocal supporters of his

opponent, thus negating any inference of political bias.  Finally, Defendant Rinehart asserts that

Plaintiff admitted that the decision to not hire her was not made to hurt her nor was it

discriminatory.  According to Defendant Rinehart, the only evidence Plaintiff knows of that

Dyer (the person hired as the Business Manager) supported Defendant Rinehart's election was

that she heard Dyer put a sign up in her yard.  Thus, Defendant Rinehart argues, Plaintiff's

claim against him must fail.

In response, Plaintiff notes that Defendant Rinehart told the County Human Resources

Director that he wanted Plaintiff gone and twice attempted to remove her as requisitioning

officer within the first month after his election.  In support of this argument, Plaintiff attaches

copies of the agendas for the January 12 and 19, 2005, County Commissioner Meetings, noting

Defendant Rinehart sought to replace Plaintiff with Dyer.  Plaintiff also has supplied the

testimony and notes of the HR director who was told by Defendant Rinehart that he wanted

Plaintiff "gone." These meetings happened within the first month after Defendant Rinehart took

office and shortly before Plaintiff was not rehired.  "This short time span alone creates an

inference of retaliation."  Aiken v. Rio Arriba Bd. of County Comm'rs, 134 F.Supp.2d 1216,

1220 (D N.M. 2000).

Plaintiff also notes several inconsistencies with the manner in which the

restructuring/interview process was completed.  According to Plaintiff, Rinehart inserted Doug

Williams onto the interview panel and Mr. Williams had a strong bias against Plaintiff due to her previous complaints about his work performance.  Plaintiff asserts that after her interview, Mr. Williams made negative comments about her causing the other panelists to lower her score. Thus, Plaintiff raises factual questions about whether or not Defendant Rinehart manipulated the process.  There are questions of material fact surrounding the decision to not hire Plaintiff and whether that decision was premised on her non-support of Defendant Rinehart's election campaign.[2]  In short, questions of material fact remain on the issue of whether Defendant Rinehart violated Plaintiff's constitutional rights.

Of course, if the right was not clearly established, the questions of fact are immaterial. Plaintiff argues that the Tenth Circuit's earlier determination that the law was clearly established at the time of the violation is the law of the case and that determination cannot be altered by this Court.  The Court agrees that the Circuit's determination of the status of the law has been determined for this case.  See Mason v. Texaco, Inc., 948 F.2d 1546, 1553 (10th Cir.1991) ("'[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting Arizona v. California, 460 U.S. 605, 618 (1983))).

---

[2] Defendant Rinehart's argument that the Court should grant judgment because of the message it will send to future potential litigants is frivolous, as it lacks any legal or factual support.  The Court decides each case based on the facts and law applicable to that case, not in consideration of its future impact.

Accordingly, because questions of fact remain on the issue of violation of a clearly established right, Defendant Rinehart is not entitled to qualified immunity and/or summary judgment on this issue.

2.  Political Allegiance

Defendant Rinehart argues that even if the Court finds questions of material fact regarding whether Plaintiff has shown a case of political patronage, he is still entitled to judgment because the Business Manager position requires political allegiance.  According to Defendant Rinehart, the Business Manager position requires coordinating three different budgets, plays a role in setting those budgets, and has responsibility for the fiscal and financial operations of the yard.  Thus, Defendant Rinehart asserts, the position requires political loyalty.

The Supreme Court has set forth the question to be answered in determining whether a position requires political loyalty, stating:  "the ultimate inquiry is not whether the label 'policymaker' or 'confidential' fits a particular position; rather, the question is whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved."  Branti, 445 U.S. at 518.  As the Tenth Circuit has noted, "[t]he defendant bears the burden of proof on whether political association was an appropriate requirement for the effective performance of the public office involved." Jantzen v. Hawkins, 188 F.3d 1247, 1253 (10th Cir. 1999).  Here, Defendant has failed to offer any evidence demonstrating the Business Manager job could not be adequately performed in the absence of political loyalty.  Defendant Rinehart's motion will be denied on this issue.

3.  Same Decision

Finally, Defendant Rinehart argues that Ms. Dyer would have been hired as the Business Manager regardless of her election support for him.  According to Defendant Rinehart, Ms. Dyer had the most experience and required the least amount of additional training and therefore was the best suited candidate for the newly-created Business Manager position.  Defendant Rinehart argues that these facts make clear that the decision to hire Ms. Dyer, whether right or wrong, was an honestly held belief and thus a business decision.  Defendant Rinehart argues that because who to hire was a business decision, it cannot be said to be legally improper.  See Stover v. Martinez, 382 F.3d 1064, 1076 (10th Cir. 2004).

In response, Plaintiff argues that Defendant Rinehart manipulated the hiring process so that Ms. Dyer was given the inside track and assured of being hired.  According to Plaintiff, Defendant Rinehart wanted Ms. Dyer to be part of his "team."  Therefore, Defendant Rinehart created a temporary position for Ms. Dyer, putting her in a position to define the duties of the Business Manager position.  Plaintiff also notes again that Defendant Rinehart placed Mr. Williams on the interview panel and it was Mr. Williams' comments after Plaintiff's interview that caused other members of the panel to alter their scores thereby insuring Ms. Dyer had the highest score.  Thus, Plaintiff argues, questions of fact remain.

At this stage, the Court must evaluate the facts in the light most favorable to Plaintiff. Matsushita Elec. Indus., 475 U.S. at 587.  Under that standard, Plaintiff has demonstrated questions of fact about the decision to hire Ms. Dyer as the Business Manager which can only be resolved by a jury.  Accordingly, Defendant's motion must be denied at this time.

For the reasons set forth more fully herein, Defendant Rinehart's Motion for Summary Judgment (Dkt. No. 105) is DENIED.

IT IS SO ORDERED this 17th day of October, 2008.

ROBIN J. CAUTHRON
United States District Judge